FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINA BAEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | NO:  1:17-CV-3068-RMP<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment from Plaintiff Sheryl Baez, ECF No. 12, and the Commissioner of Social Security (the "Commissioner"), ECF No. 13.  Ms. Baez sought judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of her claims for supplemental security income and disability insurance benefits under Title II of the Social Security Act (the "Act").  The Court has reviewed the motions, the administrative record, and is fully informed.  The motions were heard without oral argument.  The Court grants in part Ms. Baez's motion for summary judgment, ECF No. 12, resulting in a

remand of the case to the Commissioner, and denies the Commissioner's cross-motion, ECF No. 13.

## BACKGROUND

### A. Ms. Baez's Claim for Benefits and Procedural History

Ms. Baez applied for supplemental security income and disability insurance benefits through applications filed on April 21, 2014. Administrative Record ("AR") 184.[1] Ms. Baez was 31 years old at the time that she applied for benefits. She is a high school graduate. AR 46. Ms. Baez alleges that her onset date was March 1, 2014. AR 188. Ms. Baez's applications for supplemental security income and disability insurance benefits were denied initially and upon reconsideration, and Ms. Baez timely requested a hearing.

### B. March 3, 2016 Hearing

A video hearing took place in Yakima, Washington, before Administrative Law Judge ("ALJ") M.J. Adams on March 3, 2016, with Ms. Baez represented by attorney D. James Tree.[2] Ms. Baez responded to questions from her attorney and Judge Adams. A vocational expert, Daniel McKinney, also appeared at the hearing.

/ / /

---

[1] The AR is filed at ECF No. 9.

[2] Attorney D. James Tree also represents Ms. Baez on appeal.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

### C. ALJ's Decision

On April 15, 2016, the ALJ issued an unfavorable decision for Ms. Baez. AR 36. Utilizing the five-step evaluation process, Judge Adams found:

**Step one:** Ms. Baez had not engaged in substantial gainful activity since her alleged onset date of March 1, 2014.

**Step two:** Ms. Baez has the following severe impairments: obesity, colitis, spinal stenosis/spondylolisthesis, and anxiety. With respect to Plaintiff's alleged rapid heart rate, the ALJ found that Ms. Baez had no ongoing complaints, and that she had been provided treatment and discharged home each time she experienced symptoms. AR 44. With respect to Plaintiff's alleged pancreatitis, the ALJ found that Ms. Baez's treatment record indicated that her chronic pancreatitis was "mild." *Id.* With respect to Plaintiff's alleged polycystic ovary disease, the ALJ found that Ms. Baez's treatment record indicated past surgery for polycystic ovary disease but no ongoing aggressive treatment. *Id.*

**Step three:** Ms. Baez does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ noted that Ms. Baez's obesity was fully considered in the context of the overall record. *See* SSR 02-1p, 2002 SSR LEXIS 1.

**Residual Functional Capacity ("RFC"):** The ALJ found that Ms. Baez had the RFC to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The claimant can follow simple, routine tasks and follow short, simple instructions. The claimant can perform work that requires little or no judgment. The claimant can perform simple duties that can be learned on the job in a short period of less than 30 days. The claimant can respond appropriately to supervision, but should not be required to work in close coordination with coworkers where teamwork is required. The claimant can deal with occasional changes in the work environment, has some difficulty being in work that requires frequent general public contact but could work one on one with a client or individual via telephone.

AR 45-46.

**Step four:** Ms. Baez is unable to perform past relevant work as a home attendant, because an individual with Ms. Baez's limitations could not perform this work, based on the testimony of the vocational expert. AR 50.

**Step five:** Ms. Baez was not disabled for purposes of the Social Security Act from March 1, 2014, through the date of the ALJ's decision. The ALJ considered Ms. Baez's age, education, work experience, and RFC, and found that there are jobs that exist in significant numbers in the national economy that Ms. Baez can perform. *Id.*

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Ms. Baez's request for review on February 15, 2017. AR 1. Ms. Baez now seeks judicial review.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

## APPLICABLE LEGAL STANDARDS

### A. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**B. Definition of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial

gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### C. Sequential Evaluation Process

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the plaintiff is able to perform his previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his residual functional capacity and age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

**ISSUES ON APPEAL**

**A. Did the ALJ reversibly err by improperly weighing the testimony evidence of Anne Teerink, Melissa Belding, and Sergio Cruz Baez?**

**B. Did the ALJ reversibly err by failing to properly consider Ms. Baez's gastrointestinal impairments and obesity in assessing her RFC?**

**C. Did the ALJ reversibly err by discrediting Ms. Baez without specific, clear, and convincing reasons to do so?**

**DISCUSSION**

**I. Properly Weighing Testimony of Witnesses**

Ms. Baez argues that the ALJ failed to properly weigh the testimony of Ms. Baez's treating physician, her treating therapist, and her husband. ECF No. 12 at 6-17. The ALJ must provide legally sufficient reasons for discrediting the testimony of witnesses. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (finding that ALJ provided adequate reasons for not fully crediting witness's statements). Failure to do so may result in reversal or remand.

Ms. Baez argues that the credit-as-true rule should apply to the testimony of the witnesses whose testimony she alleges the ALJ improperly rejected. ECF No. 12 at 11. The credit-as-true standard is a three-part test, and each part must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). First, the

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

record must be fully developed such that further administrative proceedings would serve no useful purpose. *Id.* Second, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Id.* Third, if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.*

Anne Teerink, M.D.

Ms. Baez argues that the ALJ failed to meet the legal standards for rejecting a treating physician's testimony about Ms. Baez's gastrointestinal and spinal impairments. ECF No. 12.

Although the treating physician rule has been eliminated for claims filed on or after March 27, 2017, 82 Fed. Reg. 5852-53, the rule applies to Ms. Baez's claims filed in April 2014. *See* AR 41. The treating physician rule requires that an ALJ give the medical opinion of a claimant's treating physician controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). An ALJ must provide clear and convincing reasons for rejecting the testimony of a treating physician if the treating physician's opinion is not contradicted by another doctor. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). If the treating physician's opinion is contradicted by another doctor, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record. *Id.* "The ALJ

need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Anne Teerink was Ms. Baez's treating physician. AR 49. Dr. Teerink also treated Ms. Baez for her gastrointestinal symptoms and impairments, back pain and impairments, and anxiety disorder. *Id.*

Ms. Baez argues that Dr. Teerink's opinion is uncontradicted. ECF No. 12 at 7. The ALJ appeared to find that Dr. Teerink's opinion was contradicted by her own reports and by the reports of other doctors, and gave little weight to Dr. Teerink's opinion for two reasons. AR 49. First, citing to Dr. Teerink's reports from February and March of 2014, the ALJ concluded that Ms. Baez's medical records demonstrated that Ms. Baez's gastritis was well controlled with medication and that her symptoms could be better controlled with the avoidance of certain foods. *Id.* (citing AR 282, 285). Dr. Teerink's reports from February and March 2014 indicated that Ms. Baez had suffered abdominal pain and vomiting that had resolved. AR 282, 285. Dr. Teerink's reports also indicated that Ms. Baez was taking a medication for her anxiety and a medication for her gastritis, and that both medications appeared to be helping manage Ms. Baez's symptoms. AR 282. The ALJ also cited, without providing any detail, to Dr. Shawn Wilson's report from Ms. Baez's visit to the emergency department on July 24, 2014, indicating that Ms.

Baez presented with abdominal pain and diarrhea, diagnosing possible irritable bowel syndrome, and prescribing medication to Ms. Baez.  AR 49 (citing AR 324).

In order to reject the opinion of the treating physician, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record. *See Lester*, 81 F.3d at 831.  The Court does not find the ALJ's characterization of the reports of Dr. Teerink specific, legitimate, or supported by specific substantial evidence sufficient to justify the ALJ's conclusion to reject Dr. Teerink's opinion. The record demonstrates that, despite medications and attempts to change her diet, Ms. Baez continued to experience painful gastrointestinal symptoms.  AR 325-27, 453, 459, 465.  If the ALJ finds that Dr. Teerink's reports are contradicted by the reports of other doctors in the record, the ALJ may only discredit Dr. Teerink's testimony by providing specific and legitimate reasons supported by substantial evidence. *See Lester*, 81 F.3d at 831.

The second reason the ALJ provided for discrediting Dr. Teerink's opinion was the ALJ's finding that another doctor observed that Ms. Baez possessed a normal range of motion, normal strength, and recommended only for non-operative treatment with regard to her anterolisthesis and spondylolisthesis.  AR 49.  Again, the legal standard for rejecting the opinion of a treating physician requires the ALJ to provide specific and legitimate reasons for that rejection supported by substantial evidence in the record. *See Lester*, 81 F.3d at 831.  Here, the Court

finds that the ALJ's reasons were not supported by substantial evidence in the record because the ALJ mischaracterized the record. The ALJ specifically and legitimately concluded that in July 2015 Dr. Michael Chang recommended non-operative treatment consisting of physical therapy and steroid injections. AR 49 (citing AR 654). However, the ALJ failed to consider that Dr. Chang also noted that Ms. Baez may benefit from an anterior lumbar interbody fusion, a surgical procedure, and Dr. Chang further stated that because he did not think an anterior approach would be possible, he would likely recommend a referral to another medical center. AR 654. There may be specific and legitimate reasons supported by substantial evidence to discredit Dr. Teerink's testimony regarding Ms. Baez's back pain and impairments. However, the ALJ failed to provide a sufficiently detailed account of those reasons in his decision.

Ms. Baez also argues that Dr. Teerink's observation that Ms. Baez would be likely to miss four or more days per month of work due to medical impairments is not contradicted and that the ALJ failed to provide clear and convincing reasons for not considering Dr. Teerink's opinion on this issue. ECF No. 12 at 8. The ALJ concluded that Dr. Teerink's findings were "overly restrictive" and not supported by the record. AR 49. The record indicates that Ms. Baez testified that she had ten medical appointments in the past month, that Ms. Baez's therapist indicated that Ms. Baez would be likely to miss four or more days per month of work due to her

medical impairments, and that Dr. Attaway, who treated Ms. Baez for her abdominal pain, indicated that Ms. Baez would miss some work due to medical impairments but could not say how many days. AR 70, 495, 492. No evidence in the record suggests that Ms. Baez will miss fewer than four days per month of work. The Court finds that the ALJ has failed to provide clear and convincing reasons for giving little weight to Dr. Teerink's opinion regarding the number of work days Ms. Baez would be likely to miss due to her medical impairments.[3]

The Court further finds that the ALJ failed to provide legally sufficient reasons for discrediting Dr. Teerink's opinion as Ms. Baez's treating physician. Considering the credit-as-true rule, the Court finds that the record is fully developed and that the ALJ has failed to provide legally sufficient reasons for rejecting Dr. Teerink's evidence. However, there is insufficient evidence for the Court to conclude that, on remand, the ALJ would be required to find Ms. Baez disabled crediting Dr. Teerink's opinion as true. Therefore, the Court finds that Ms. Baez does not satisfy all three conditions of the credit-as-true rule with regard to Dr. Teerink.

---

[3] Ms. Baez also argued that the ALJ had failed to properly consider the medication side effects that Ms. Baez experienced, which were documented by Dr. Teerink. ECF No. 12 at 8-9 (citing AR 49).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

<u>Melissa Belding, M.S.</u>

Ms. Baez argues that the ALJ improperly failed to credit Ms. Belding's opinion because Plaintiff's mental health showed improvement after Plaintiff's alleged onset date. ECF No. 12 at 13.

An ALJ must provide germane reasons for not fully crediting non-acceptable medical sources. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Non-acceptable medical sources include therapists. *Kelly v. Astrue*, 471 Fed.Appx. 674, 677-78 (9th Cir. 2012) ("Although mental health counselors and social workers are not 'acceptable medical sources,' 20 C.F.R. § 404.1513(a), they are 'other sources' under 20 C.F.R. § 404.1513(d), and the ALJ may only disregard their testimony if he or she 'gives reasons germane to each witness for doing so.'"). Germane reasons include inconsistencies between the opinion of the witness and the medical and other record evidence. *See, e.g.*, *Carter v. Astrue*, 472 Fed.Appx. 550, 553 (9th Cir. 2012).

The ALJ stated that Ms. Baez's treatment record did not support Ms. Belding's report of Ms. Baez's "extreme limitations," because the treatment record indicated that Ms. Baez's mental condition had stabilized. AR 49.

Ms. Baez argues that, even if after a year of treatment Ms. Baez saw some improvement, she still had significant impairments, and her stabilized condition does not indicate that she was able to work. ECF No. 12 at 14 (citing *Holohan v.*

*Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.")). *Holohan* states that a witness's statements must be read "in context of the overall diagnostic picture [she] draws." *Holohan*, 246 F.3d at 1205. Ms. Baez argues that her mental health condition had "stabilized" only in the sense that she felt no change in her mood from February 2015 to March 2015. ECF No. 12 at 13. Indeed, although the record indicates that Ms. Baez felt her condition had stabilized in March 2015 and in December 2015, the record also shows that at Ms. Baez's October 2015 session with a different practitioner, Ms. Baez's memory and concentration were impaired, her thought content exhibited paranoid delusions, and she was exhausted by visits to public places. AR 521. This indicates that the ALJ failed to consider the record as a whole or Ms. Baez's statements in context, and selectively considered those aspects of the record that supported rejecting Ms. Belding's opinion.

Therefore, the Court finds that the ALJ failed to provide legally sufficient reasons for discrediting Ms. Belding's opinion. Considering the credit-as-true rule, the Court finds that the record is fully developed and that the ALJ has failed to provide legally sufficient reasons for rejecting Ms. Belding's testimony. However, there is insufficient evidence for the Court to conclude that, on remand, the ALJ

would be required to find Ms. Baez disabled crediting Ms. Belding's opinion as true. Accordingly, the Court finds that Ms. Baez does not satisfy all three conditions of the credit-as-true rule with regard to Ms. Belding.

Sergio Baez

Ms. Baez argues that the ALJ failed to properly credit Mr. Baez's lay witness testimony and that the ALJ's alleged failure was not harmless. ECF No. 12 at 14.

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

The ALJ stated that Mr. Baez was not "medically trained to make exacting observations as to the date, frequencies, types, and degrees of medical signs and symptoms, or the frequency or intensity of unusual moods or mannerisms," and that, as a result, "the accuracy of his statements are questionable." AR 50. The ALJ also stated that "by virtue of the relationship as husband to claimant, Mr. Baez cannot be considered a disinterested party whose statements would not tend to be colored by affection for the claimant." *Id.* Finally, the ALJ concluded that Mr. Baez's statements were inconsistent with Ms. Baez's mental health treatment

record, which, as discussed above, the ALJ found to indicate that Ms. Baez's condition had stabilized. *Id.*

Ms. Baez argues that the ALJ improperly rejected Mr. Baez's testimony because he was not medically trained and, as the husband of the claimant, Mr. Baez was not a disinterested party. ECF No. 12 at 15 (citing AR 50). Ms. Baez argues that these are not germane facts to reject lay testimony because they are characteristics inherent to nearly all lay testimony. *Id.* In support of her argument that Mr. Baez is a credible and competent witness, Ms. Baez cites *Dodrill v. Shalala*: "Although eyewitnesses have to rely to some extent on communications with the claimant in ascertaining whether she is disabled or malingering, we have held that friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition." *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) (citing *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). As Ms. Baez's husband, Mr. Baez is in a position to observe Ms. Baez's symptoms and daily activities. The Court finds that the facts that Mr. Baez is not medically trained and is married to Ms. Baez are not germane reasons to discredit Mr. Baez's testimony.

Ms. Baez also argues that the ALJ improperly rejected Mr. Baez's testimony because his May 2014 report was inconsistent with Ms. Baez's treatment record. ECF No. 12 at 16. Ms. Baez contends that the ALJ failed to provide specific

examples of how Ms. Baez's improvement and stabilization conflicted with Mr. Baez's testimony. *Id.* The Court finds that the ALJ's conclusion lacks specificity and fails to reflect a consideration of the whole record regarding Ms. Baez's mental health record. Therefore, the Court finds that the ALJ improperly discredited Mr. Baez's testimony.

Considering the credit-as-true rule, the Court finds that the record is fully developed and that the ALJ has failed to provide legally sufficient reasons for rejecting Mr. Baez's testimony. However, there is insufficient evidence for the Court to conclude that, on remand, the ALJ would be required to find Ms. Baez disabled crediting Mr. Baez's opinion as true. Accordingly, the Court finds that Ms. Baez does not satisfy all three conditions of the credit-as-true rule with regard to Mr. Baez.

## II. ALJ's Consideration of Ms. Baez's Gastrointestinal Impairments and Obesity in Assessing Ms. Baez's Residual Functional Capacity

Ms. Baez argues that the ALJ failed to properly consider Ms. Baez's gastrointestinal impairments and obesity in assessing Ms. Baez's residual functional capacity (RFC). ECF No. 12 at 17.

"Residual functional capacity" is defined as "what you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); SSR 96-8p, 1996 SSR LEXIS 5. "Ordinarily, RFC is the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing

basis," which means eight hours a day, five days a week, or an equivalent work schedule.  SSR 96-8p, 1996 SSR LEXIS 5 (emphasis in original).  Social Security rulings require an ALJ to "consider and address medical source opinions" when assessing a claimant's RFC.  *Little v. Berryhill*, 708 Fed. Appx. 468, 469 (9th Cir. 2018).  "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."  SSR 96-8p, 1996 SSR LEXIS 5.  Although the ALJ need not have engaged in a function-by-function analysis for non-credible medical impairments, the ALJ should not ignore limitations supported by the record and already credited by the ALJ.  *March v. Commissioner of Soc. Sec. Admin.*, 462 Fed.Appx. 671, 673 (9th Cir. 2011); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  However, where the ALJ's analysis regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, the Ninth Circuit does not require remand where the ALJ has failed to conduct the mandated function-by-function analysis.  *Bayliss*, 427 F.3d at 1217.

The Ninth Circuit has held that, in determining residual functional capacity, in conjunction with the medical evidence, the ALJ must take into account the claimant's testimony regarding his capabilities.  *Chaudhry v. Astrue*, 688 F.3d 661,

670 (9th Cir. 2012). The ALJ also must consider all relevant evidence, including medical records, lay evidence, and pain. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

As a general matter, an RFC assessment that fails to take into account a claimant's limitations is defective. *Leonard v. Colvin*, 633 Fed.Appx. 362, 363-64 (9th Cir. 2015) (finding that limiting claimant's use of ladders, ropes, and scaffolds did not adequately address claimant's need for frequent trips to the bathroom).

Gastrointestinal Impairments

The ALJ acknowledged that Ms. Baez suffers from severe gastrointestinal impairments that necessitated limitations within her RFC. *See* AR 43, 45-46. However, Ms. Baez argues that the ALJ failed to properly consider Ms. Baez's disabling limitations resulting from her gastrointestinal limitations in determining Ms. Baez's RFC. *Id.* For example, Ms. Baez notes that Dr. Teerink, Ms. Baez's treating physician, opined that Ms. Baez had ongoing bowel and nausea issues as side effects to her medications. AR 497-98. Ms. Baez argues that the record indicates that she spends up to six hours in the bathroom each day and experiences nausea and vomiting two times each week. *See* ECF No. 12 at 17 (citing AR 465, 694). Ms. Baez urges the Court to remand for further proceedings to assess Plaintiff's actual functional abilities when properly considering her gastrointestinal impairments. *Id.* at 18.

1    Defendant contends that the record indicates that the ALJ properly

2  considered Ms. Baez's gastrointestinal impairments in assessing her RFC.  ECF

3  No. 13 at 15.  Defendant points to Dr. Teerink's assessment that one incident of

4  gastrointestinal distress was likely due to a viral illness, AR 284-85; a diagnosis of

5  a colon polyp, possible patchy mild colitis, possible minimal distal ileitis, and

6  hemorrhoids, AR 454; Ms. Baez's presentation in August 2015 with chronic

7  abdominal pain, diarrhea, and pancreatitis, AR 624-33; and the celiac plexus block

8  Ms. Baez received, AR 628.  ECF No. 13 at 15-16.

9    The ALJ has credited Ms. Baez's gastrointestinal impairments as severe.

10  Therefore, the ALJ must consider Ms. Baez's limitations with regard to her

11  gastrointestinal impairments as they affect her RFC.  The ALJ considered the

12  records of Ms. Baez's diagnoses and symptoms, which included a colon polyp,

13  possible patchy mild colitis, possible minimal distal ileitis, hemorrhoids, chronic

14  abdominal pain, diarrhea, and pancreatitis.  AR 46.  The ALJ noted that, in one

15  instance, Ms. Baez's abdominal pain and diarrhea were resolved by medication, that

16  Ms. Baez underwent a successful celiac plexus block to alleviate her pain, and that

17  Ms. Baez was recommended to avoid foods that triggered her gastritis and

18  abdominal pain, and to continue taking her medications.  *Id.*  However, the record

19  also reflects that due to Ms. Baez's abdominal pain, she sometimes spends up to six

20  hours in the bathroom and needs to travel often for medical appointments.  AR 465;

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 22

AR 69-70. The Court finds that the ALJ has failed to demonstrate that he considered all of Ms. Baez's limitations with regard to her gastrointestinal impairments in determining her RFC, and remands this case for further proceedings.

Obesity

The ALJ found that Ms. Baez's obesity was a severe impairment. AR 43. However, Ms. Baez argues that the ALJ failed to suitably assess the effect of Ms. Baez's obesity on the RCF determination. ECF No. 12 at 18. Ms. Baez argues that although obesity is not included in the Listings, it may still medically equal a listing on its own. *Id.* (citing SSR 02-1p). Ms. Baez urges the Court to remand for further proceedings to assess the impacts of Plaintiff's morbid obesity in conjunction with her other severe impairments within the RFC. ECF No. 12 at 19.

Defendant contends that the ALJ's determination that Ms. Baez's severe obesity impairment did not affect Ms. Baez's RFC assessment was based upon substantial evidence adequate to support the ALJ's conclusion. *See Richardson*, 402 U.S. at 401. Having considered the record with regard to Ms. Baez's obesity, the Court finds that the AL J's interpretation of the substantial evidence is reasonable and should therefore be upheld. *See Mark*, 348 F.2d at 293.

**III. Plaintiff's Credibility**

Ms. Baez argues that the ALJ erred in discrediting Ms. Baez for not staying away from triggering foods and for concluding that the objective findings do not

sufficiently support Plaintiff's subjective testimony.  ECF No. 12 at 19-20.  Ms. Baez contends that the ALJ failed to provide specific, clear, and convincing reasons to discredit Ms. Baez.  ECF No. 14 at 7 (citing *Garrison*, 759 F.3d at 1014-15).

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ must provide clear and convincing reasons supported by substantial evidence for rejecting the claimant's testimony.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible."  *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony."  *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted).

An ALJ may find a claimant's testimony not credible in part or in whole, but the ALJ may not disregard the claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence.  *See* SSR 96-7p, 1996 WL 374186; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Light v. SSA*, 119 F.3d 789, 792 (9th Cir. 1997).  "Inconsistent assertions in a claimant's testimony, and between a claimant's testimony and conduct, can be specific reasons

not to find the claimant credible." *Rusten v. Comm'r Soc. Sec.*, 468 Fed.Appx. 717, 719 (9th Cir. 2012).

In this case, the ALJ found that Ms. Baez had not stayed away from foods that triggered her health issues and that Ms. Baez's testimony was not substantiated by objective medical evidence. AR 47-48.

<u>Triggering foods</u>

The ALJ found that Ms. Baez had been "non-compliant with recommendations to stay away from foods that trigger her symptoms of abdominal pain." AR 48. The ALJ cited to an assessment report generated on August 31, 2015, which stated that Ms. Baez "appears motivated to make dietary changes to improve her health and feel better." *See* AR 48 (citing AR 604).

Ms. Baez argues that there is a distinction between prescribed and recommended treatment. ECF No. 12 at 19. She contends that the "treatment must be prescribed by a treating source… [and] not merely recommended." ECF No. 12 at 21 (citing SSR 02-1p). Ms. Baez argues that the record reflects that Ms. Baez is making efforts to meet recommendations for a better diet, and that the ALJ should therefore not have discredited Ms. Baez based on her food choices. ECF No. 12 at 20.

The ALJ did not develop any record during the hearing about Ms. Baez's dietary choices or recommendations she had received. *See* AR 60-77. An October

19, 2015, assessment report recommended that Ms. Baez would benefit from a diet "rich in vegetables, fruits, whole grains and lean proteins." AR 566. It continued, stating that additional benefit would be seen from "limiting sugar and refined carbohydrates and high-fat foods such as corn dogs and frozen burritos." *Id.* However, the other reports cited by the ALJ and Ms. Baez documenting her eating and drinking habits pre-date the October 19, 2015, report and recommendations. *See* AR 286, 604.

Therefore, the Court finds that the ALJ erred by concluding that Ms. Baez had been non-compliant with recommendations to stay away from foods that trigger her symptoms of abdominal pain. However, the ALJ did not rely on this factor alone in determining that Ms. Baez's testimony lacked credibility.

Conclusion that Objective Findings Fail to Support Subjective Testimony

Ms. Baez also argues that the ALJ's conclusion that Ms. Baez's testimony lacked credibility because the objective findings did not sufficiently support Ms. Baez's subjective testimony is not legally sufficient. ECF No. 12 at 20 (citing *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001)).

"Once a claimant produces objective medical evidence of an underlying complaint, an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the pain." *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 26

The ALJ found that Ms. Baez's "statements concerning the intensity, persistence, and limiting effects of [Ms. Baez's] symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 47-48. The ALJ noted that, at the hearing, Ms. Baez spent a great deal of time discussing her physical limitations, but that physical examination of Ms. Baez showed that she had a normal range of motion and normal strength, and that non-operative treatment was recommended with regard to her spondylolisthesis. AR 48. The ALJ stated that Ms. Baez testified that she had to lie down for four hours a day, but that her treating physician opined that laying down was not medically necessary. *Id.* The ALJ also observed that although Ms. Baez complained of ongoing abdominal pain and diarrhea, her lab results had been "fairly unremarkable" and her treatment record indicated that her symptoms were resolved by medication. *Id.*

Ms. Baez argues that the ALJ could only have reached this finding by failing to properly consider the whole record. ECF No. 12 at 20. Ms. Baez argues that the ALJ ignored significant findings such as the moderately severe bilateral narrowing of Ms. Baez's neural foramen, ongoing abdominal complaints through the end of the record, the patchy erythema in Ms. Baez's distal ileum, Ms. Baez's Barrett's esophagus, and Ms. Baez's ongoing daily panic attacks. *Id.* at 20-21.

The ALJ did not develop any record during the hearing about Ms. Baez's normal range of motion and strength. *See* AR 60-77. Ms. Baez testified that it was

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 27

painful for her to bend over to wash dishes and painful for her to walk for more than five minutes.  AR 65.  Contrary to Ms. Baez's assertion, the ALJ did consider Ms. Baez's severe foraminal stenosis via her spondylolisthesis, noting that the doctor who examined Ms. Baez found that she had a normal range of motion and recommended nonoperative treatment consisting of physical therapy and steroidal injections.  AR 650-54.  The record during the hearing reflects that the ALJ considered Ms. Baez's ongoing abdominal complaints.  AR 69-70.  The patchy erythema in Ms. Baez's distal ileum was identified as "not clearly abnormal" in a medical report dated September 15, 2014.  AR 453-54.  Nothing in the record indicates that Ms. Baez's diagnosed Barrett's esophagus was the primary cause or source of Ms. Baez's abdominal complaints.  *See* AR 482, 671.  Finally, the ALJ did not consider Ms. Baez's panic attacks, but the record does not support that Ms. Baez experiences daily ongoing panic attacks.  *See* AR 540-45.

However, the Court finds that Ms. Baez's medical records support her subjective complaints.  The record reflects a history of routine and consistent visits to the doctor regarding Ms. Baez's abdominal pain, anxiety, and back and leg pain.  Ms. Baez receives celiac plexus blocks routinely to ease her abdominal pain.  AR 69-70, 626-27.  She has received numerous prescriptions for controlling her pain and anxiety symptoms.  *See* AR 670 (documenting Ms. Baez's medications as of September 29, 2015).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 28

Therefore, the Court finds that the ALJ erred by failing to provide clear and convincing reasons, based on substantial evidence, to support the ALJ's conclusion that Ms. Baez's testimony lacked credibility.

## CONCLUSION

Ms. Baez argues that the ALJ's decision should be reversed and remanded for an immediate award of benefits. ECF No. 12 at 21. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The Court remands this case for further proceedings for the ALJ to determine whether Ms. Baez is disabled, taking into consideration the witness testimony of Dr. Teerink, Ms. Belding, and Mr. Baez, and the claimant testimony of Ms. Baez. The ALJ also is directed to consider the entire record regarding Ms. Baez's gastrointestinal impairments, which he has credited as severe, in his determination of Ms. Baez's RFC.

/ / /

Accordingly, **IT IS HEREBY ORDERED:**

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED IN PART**.  The Court denies Plaintiff's request for an immediate award of benefits.

2.      Defendant's Motion for Summary Judgment**, ECF No. 13**, is **DENIED**.

3.      This case is **REMANDED** for a *de novo* hearing before the Social Security Administration.

4.      **UPON REMAND**, the ALJ will conduct a *de novo* hearing and issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, if necessary, further develop the record, including re-evaluating the credibility of the claimant and other opinion evidence, and considering the claimant's gastrointestinal impairments in determining the claimant's RFC.

The District Court Clerk is directed to enter this Order and provide copies to counsel, and **close this case**.

**DATED** February 22, 2018.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge